KATHRYN E. T. HORN, PETITIONER, *v*. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 5612. Promulgated August 17, 1945.

*Walter T. Fahy, Esq.*, for the petitioner.
*William H. Best, Jr., Esq.*, for the respondent.

---

OPINION.

KERN, *Judge*: The respondent has determined that the amount paid to petitioner in 1940 as beneficiary of a trust pursuant to a decree of the Orphans' Court of Philadelphia County, Pennsylvania, is includible in the gross income of petitioner for the taxable year 1940 under sections 22 (a) and 42 of the Internal Revenue Code. This amount represented the carrying charges of unproductive trust real estate accumulated for twelve years which had been deducted from the gross income of the trust and had therefore in that amount reduced the income distributed to petitioner, the life beneficiary, by the trust during those years. Petitioner contends that she was entitled to the amounts so deducted in each of the prior years on account of carrying charges, that therefore such amounts were in effect distributable to her in those years, and concludes that to the extent the payment made in the taxable year represents the carrying charges for prior years it is not properly includible in her gross income for the taxable year.

The background of state law necessary to an understanding of the issue here involved is to be found in *Commissioner* v. *Lewis*, 141 Fed. (2d) 221, affirming 1 T. C. 449. Carrying charges of unproductive trust real estate are ordinarily payable from trust income and not chargeable to principal. However, when the equities in the case demand a contrary rule a court of first instance in its sound discretion can so decree. See *Levy's Estate*, 333 Pa. 440.

In the instant case the state court having jurisdiction over the trust, in an account of the trustees and upon a request of petitioner, entered an order in 1940 awarding $6,483.46 from trust principal "to income in reimbursement of overdraft re premises 1515 Arch Street [the unproductive trust real estate in question]" and awarding the balance of income personalty of the trust as shown by the trustees' account plus the "award from principal $6,483.46, in reimbursement of deficit re 1515 Arch Street" to the petitioner, the life beneficiary of the trust.

It does not appear that the petitioner made any such request before 1940. Nothing in the record suggests that if such a request had been made the equities of the case would have warranted a court in granting it. See the *Lewis* case, *supra*. Therefore, before the order entered by the Orphans' Court in 1940 we are unable to agree with petitioner that she was entitled of right to have the carrying charges of the unproductive trust real estate paid from trust principal rather than trust income. Not until the state court entered this order in 1940 was the income account of the trust increased by charging these expenses against principal, and not until then were any additional payments on account of trust income distributable to petitioner. It is for that year that the total amount of the payment in question should be included in petitioner's gross income. See *Theodore R. Plunkett*, 41 B. T. A. 700; affd., 118 Fed. (2d) 644; *Robert W. Johnston*, 1 T. C. 228; affd., 141 Fed. (2d) 208.

*Decision will be entered for the respondent.*